United States District Court
Southern District of Texas
**ENTERED**
October 24, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NINA BOULER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| TRANS UNION, LLC, CRESCENT BANK | § | CIVIL ACTION NO.: 4:19-CV-00880 |
| & TRUST, RENT-A-CENTER, TEXAS, LP, | § | |
| D/B/A ACCEPTANCE NOW, AND VERIZON | § | |
| WIRELESS PERSONAL COMMUNICATIONS LP, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM AND RECOMMENDATION**

This matter is before the Court on Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] Dkts. 26-28, 30. Defendants assert that Plaintiff's Complaint is barred by res judicata. Dkt. 26. This Court now recommends that Defendants' Rule 12(b)(6) Motions be granted, and this case be dismissed with prejudice.

**I. BACKGROUND**

Plaintiff filed Civil Action No. 4:18-cv-02761 against Defendants on August 9, 2018 alleging violations of the Fair Credit Reporting Act. *Bouler v. Trans Union, LLC*, Civil Action No. 4:18-cv-02761, Dkt. 1. On August 10, 2018, the district court issued an Order setting the Initial Conference for November 13, 2018. Plaintiff filed an Amended Complaint in Civil Action No. 4:18-cv-02761 on October 6, 2018. Dkt. 26-2 at 2. Plaintiff subsequently failed to appear for the Initial Conference on November 13, 2018. Dkt. 26-3 at 2. As of that date, which was more than 90 days following the filing of the complaint, no defendant had been served in the case.

---

[1] The District Court referred this matter to this Magistrate Judge for report and recommendation. Dkt. 29.

1

Federal Rule of Civil Procedure 4(m) requires that Plaintiff serve Defendants within 90 days of filing her Complaint. Dkt. 26-3 at 2. The district court dismissed Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute her claim, citing her failure to comply with Rule 4(m) and failure to attend the Initial Conference. Dkt. 26-4 at 2.

Plaintiff filed the present action on March 12, 2019. Dkt. 1. Her Complaint in this case is identical to the Amended Complaint she filed in Civil Action No. 4:18-cv-02761. Dkts. 1, 26-2. Defendant Trans Union has filed a Motion to Dismiss, and all other named defendants have joined in the Motion. Dkts. 26-28, 30. Defendants argue in the Motion that Plaintiff's suit is barred by res judicata and that her Complaint must be dismissed pursuant to Rule 12(b)(6). Dkts. 26-28, 30.

## II. ANALYSIS

### A. 12(b)(6) Standards

In reviewing a pleading under Rule 12(b)(6), the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). Only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

### B. Res Judicata Standards

Res judicata bars the litigation of claims that either "have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th

Cir. 2005). "Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings." *Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 335-36 (5th Cir. 2014) (citations omitted).

Under federal and Texas law, res judicata applies and will bar the litigation of a claim if the following elements are met: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d at 571; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

### C. Plaintiff's Claims are Barred by Res Judicata

All four elements of res judicata are met in the present case. Therefore, this case is precluded by the prior final Order in Civil Action No. 4:18-cv-02761 and should be dismissed pursuant to Rule 12(b)(6).

#### 1. Parties are identical or in privity.

Plaintiff and Defendants in the present case are identical to the Plaintiff and Defendants in Civil Action No. 4:18-cv-02761. Dkts. 1, 26-2.

#### 2. Prior rulings were made by courts of competent jurisdiction.

The United States District Court for the Southern District of Texas, Houston Division, is a court of competent jurisdiction with jurisdiction to issue the final ruling in Civil Action No. 4:18-cv-02761. Dkts. 1, 26-2.

### 3. Prior rulings were final orders on the merits.

The Order of Dismissal in Civil Action No. 4:18-cv-02761 constitutes a final order on the merits. Dkt. 26-4. *See Schwarz v. Folloder*, 767 F.2d 125, 129-30 (5th Cir. 1985) (dismissal with prejudice is adjudication on the merits).

"A dismissal which is designated 'with prejudice' is 'normally an adjudication on the merits for purposes of res judicata." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 n. 8 (5th Cir. 1993) (quotations omitted). Generally, a Rule 41(b) dismissal for failure to prosecute a claim is with prejudice and constitutes an adjudication on the merits. *Douglas v. Neuces County Jail*, C.A. No. C-08-158, 2008 WL 4104430 at *2 (S.D. Tex. 2008); FED. R. CIV. P. 41(b) ("Unless the court in its order otherwise specifies, a dismissal under [41(b)], other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits."). Dismissal is presumed to be with prejudice unless an order explicitly states otherwise. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993).

Plaintiff's previous claim was dismissed with prejudice pursuant to Rule 41(b). Dkt. 26-4 at 2. Even if the dismissal in Civil Action No. 4:18-cv-02761 were silent as to whether the dismissal was with or without prejudice, a dismissal under Rule 41(b) carries the presumption that it acts as a dismissal with prejudice. Without doubt, the district court's dismissal order in Civil Action No. 4:18-cv-02761 operates as an adjudication of the claim on its merits. *See* FED. R. CIV. P. 41(b). Plaintiff did not appeal the judgment, and it became final. *Frank C. Minvielle, LLC v. Atlantic Refining Co.*, 337 Fed. App'x. 429, 431 (5th Cir. 2009). The district court's prior ruling which Defendants assert as a res judicata bar to Plaintiff's current suit constitutes a final judgment on the merits.

4

### 4. The current case involves the same claim or cause of action as prior case.

The Complaint filed in the present case is identical to the Amended Complaint filed in Civil Action No. 4:18-cv-02761. Dkts. 1, 26-2.

### D. Alleged Error of the District Court Does Not Affect Res Judicata.

In her response, Plaintiff attacks the district court's dismissal of her claim with prejudice under Rule 41(b) rather than without prejudice under Rule 4(m). Dkt. 31 at 3-4. Rule 4(m) provides that, when a plaintiff fails to serve a defendant within 90 days after the complaint is filed, the court is required to dismiss the action *without prejudice* or order that service be made within a specified time. FED. R. CIV. P. 4(m) (emphasis added). Plaintiff asserts that the district court's decision to dismiss her case with prejudice pursuant to Rule 41(b), rather than without prejudice pursuant to Rule 4(m), was erroneous and allows her to avoid the res judicata consequences of the dismissal. Based on this alleged error, Plaintiff asserts that she is free to bring her claim in the present action, irrespective of the fact that her original claim was dismissed with prejudice. Dkt. 31 at 3-4.

Plaintiff's collateral attack of the district court's Order is impermissible and does not affect the application of res judicata to the present action. "[T]he res judicata consequences of a final, *unappealed* judgment on the merits [are not] altered by the fact that the judgment may have been wrong . . . ." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013) (emphasis added) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). If Plaintiff is correct that the district court erred in dismissing her case with prejudice under Rule 41(b), the judgment could have been reversed on appeal; however, Plaintiff chose not to appeal. *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. at 398 ("Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or

5

rested on a legal principle subsequently overruled in another case."). Because Plaintiff chose not to appeal the judgment, it became final and is insulated from Plaintiff's collateral attack. *Frank C. Minvielle, LLC v. Atlantic Refining Co.*, 337 Fed. App'x. at 433.

The District Court's dismissal with prejudice of Plaintiff's complaint in Civil Action No. 4:18-cv-0276 constitutes a final judgment on the merits for res judicata purposes. Plaintiff's assertion in this case that the prior dismissal was erroneous does not preclude the res judicata effect of the Order.

## III. CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the court recommends that Defendants' Rule 12(b)(6) Motions be **GRANTED** and this case be **DISMISSED** with prejudice.

The Clerk of the Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Christina Bryan
United States Magistrate Judge